United States District Court
Southern District of Texas
**ENTERED**
October 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH ALAN FRAZIER, II, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-23-0652 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM ORDER AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254 challenging his prison disciplinary conviction as a violation of his due process rights. Respondent filed an answer, arguing that the petition should be dismissed as unexhausted and/or groundless. (Docket Entry No. 13.) Despite expiration of a reasonable period of time of four months, petitioner has not filed any opposition to the requested dismissal of his case.

Having considered the habeas petition, respondent's answer, the pleadings, the record, and the applicable law, the Court **DISMISSES** this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Petitioner reports that he was found guilty of a prison disciplinary charge for possession of a cell phone and sanctioned with loss of line class status, recreation and commissary privileges, and forfeiture of 300 days' accrued good time credit. He states that his administrative appeals of the conviction were denied.

Petitioner claims he was denied due process in the following particulars:

1. He was not notified of the charges twenty-four hours prior to the hearing;

2. The evidence was not sufficient to support his disciplinary conviction because another inmate claimed ownership of the cell phone; and

3. Texas Department of Criminal Justice ("TDCJ") officials violated their own policies by failing to timely respond to his disciplinary appeal.

Respondent argues that these claims are unexhausted and/or groundless and should be dismissed with prejudice. Respondent submitted copies of the relevant documents and an audio CD of the disciplinary hearing.

## II. ANALYSIS

It is firmly established that a TDCJ prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for mandatory supervised release; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000); *Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007). Petitioner's reduction in line class status and temporary loss of privileges did not trigger due process protections. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 958–59; *Luken v. Scott*, 71 F.3d 192, 193–95 (5th Cir. 1995). Thus, with respect to the loss of privileges and reduction in line class status, petitioner fails to state a claim that entitles him to federal habeas relief.

However, petitioner also lost accrued good time credit as a result of the disciplinary conviction, and respondent acknowledges that petitioner is eligible for mandatory supervised release. Thus, petitioner was entitled to certain due process protections at his disciplinary hearing.

In general, prison disciplinary proceedings do not form part of a criminal prosecution, and, therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). For purposes of due process under *Wolff*, a prisoner must be provided with: (1) advanced written notice of the disciplinary charges, no less than twenty-four hours prior to the hearing; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action; and (4) a counsel substitute when the inmate is illiterate or when the case appears complex, thus requiring the inmate to be aided in the presentation of evidence. *Id.* at 563–67.

A. <u>Twenty-Four Hour Notice</u>

Petitioner claims that he was not provided twenty-four hours' notice of his disciplinary hearing. Respondent argues that this claim is unexhausted and must be dismissed.

An inmate challenging a prison disciplinary conviction is required to exhaust his administrative remedies through the filing of step 1 and step 2 prison grievances before filing a petition for writ of habeas corpus in federal court. *See Anthony v. Johnson*, 177 F.3d 978,

3

978 (5th Cir. 1999) (per curiam). A prisoner must present his claims in both steps before they can be deemed exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Petitioner did not exhaust his administrative appeal grievances as to his first claim through both steps of the grievance process. To the contrary, he raised his first claim in his Step 2 grievance only, and the claim is unexhausted. (Docket Entry No. 13-3, pp. 3, 7; alleging "no 24 hr. notice" in step 2 grievance only).

Regardless, the disciplinary hearing record shows that petitioner was afforded the required twenty-four hours' notice. The disciplinary hearing commenced on May 3, 2022, at 1:54 p.m. (Docket Entry No. 13-2, p. 3; Docket Entry No. 14, audio CD at 0:28–0:35 time mark.) The hearing report reflects that petitioner was notified of the charges on May 2, 2022, at 12:40 p.m., more than twenty-four hours before the hearing. (Docket Entry No. 13-2, p. 3.) Moreover, petitioner acknowledged at the disciplinary hearing that he received a copy of the disciplinary charges on May 2, 2022, at 12:40 p.m. (Docket Entry No. 14, audio CD at 1:33–1:42 time mark.) Thus, even assuming petitioner had exhausted his claim, the claim is refuted by the disciplinary records and has no merit.

Petitioner's first habeas claim is **DISMISSED WITH PREJUDICE**.

B.      Insufficient Evidence

Petitioner next contends that his disciplinary conviction should be set aside because another inmate signed a statement accepting responsibility for the cell phone found in petitioner's cell. However, the disciplinary record shows that petitioner pleaded guilty to

possession of the cell phone. (Docket Entry No. 13-2, p. 2; Docket Entry No. 14, audio CD at 2:19–2:28 time mark.) Petitioner was found guilty of the offense to which he pleaded guilty. (Docket Entry No. 13-2, p. 2; Docket Entry No. 14, audio CD at 3:45–4:02, 4:40–5:07 time marks.) Although another inmate attempted to claim ownership of the cell phone, petitioner pleaded guilty at the disciplinary hearing to possession of the cell phone.

"Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). Petitioner's guilty plea is evidence supporting the disciplinary conviction. Consequently, petitioner's second claim is refuted by the disciplinary records and has no merit.

Petitioner's second habeas claim is **DISMISSED WITH PREJUDICE**.

C.  Violation of Grievance Appeal Policy

Petitioner argues that prison officials violated grievance appeal policy by not timely responding to his grievances appealing the disciplinary conviction. However, petitioner's claim does not impinge on any due process rights provided under *Wolff*. Nor does his claim state a cognizable constitutional claim. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) (TDCJ's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are

5

met). Moreover, petitioner does not show that he was harmed by prison officials' delay in processing his grievances.

Petitioner's third habeas claim is **DISMISSED WITH PREJUDICE**.

### III.  CONCLUSION

For the above reasons, this habeas lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 18th day of October, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE